UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL P. MULLEN,

    Plaintiff,

v.

TRINITY CAZZOLA, et al.,

    Defendants.

_____/

Case No.   2:23-cv-00183

Hon.  Jane M. Beckering
U.S. District Judge

**REPORT AND RECOMMENDATION**

**I.  Introduction**

This Report and Recommendation (R&R) addresses a motion to dismiss filed by Defendants on February 12, 2024.  (ECF No. 16.)  On March 7, 2024, the Court granted Plaintiff's motion for an extension of time to respond to Defendants' motion to dismiss.  (ECF No. 20.)  Plaintiff's response was due on May 10, 2024.  (*Id.*)  Plaintiff did not respond to Defendant's motion to dismiss.

*Pro se* Plaintiff Michael P. Mullen filed this complaint arising out of his employment with the U.S. Department of Veterans Affairs (VA).  (ECF No. 1.)  Mullen says that his procedural due process rights were violated by the individual Defendants who were allegedly involved in his employment dispute at the VA.  Defendants included Housekeeping Supervisor Trinity Cazzola, Associate Director Thad Strom, Chief of Police Patrick Palmquist, Human Resource Specialist Tonia Pierce, and Chief of Engineering Adam Steinbrecher.  (*Id.*)

This is the second case that Mullen filed arising out of the same employment dispute at the VA. Mullen first filed *Mullen v. Dep't of Veterans Affairs*, W.D. Mich. Case No. 2:23-cv-0003, asserting a negligence action under the Federal Tort Claims Act (FTCA) against the VA for allegedly failing to follow past practice and guidelines involving a hostile work environment. After Mullen was accused of workplace misconduct, VA employees undertook an investigation. Mullen says that VA employees conspired against him, and he was treated unfairly by supervisor Cazzola. Mullen asserted that his complaints against Cazzola were never investigated. On January 26, 2024, this Court issued Judgment dismissing that case. (ECF No. 20.)

Mullen filed this second case. This case is against the individually named Defendants, who were allegedly involved in the investigation of Mullen's misconduct arising out of his employment with the VA. Mullen says that these Defendants failed to properly investigate the employment dispute and particularly his allegations against Defendant Cazzola.

Defendants filed a motion to dismiss arguing that Mullen cannot file a lawsuit naming the individual Defendants under the Fourteenth Amendment because Defendants are federal employees. Defendants assert that the Fifth Amendment could arguably apply to federal employees sued in a *Bivens* action. The undersigned concludes that a Fifth Amendment procedural due process claim asserted against Defendants fails because *Bivens* does not provide a judicial remedy, and Mullen has failed to state a claim upon which relief may be granted under the Fifth Amendment. Finally, Mullen is barred under both the FTCA judgment bar and the claim

2

preclusion doctrine from bringing a second lawsuit arising out the same facts as his earlier dismissed lawsuit against the VA. It is respectfully recommended that the Court grant this motion and dismiss this case.

## II. Factual Allegations

Mullen's complaint is short on factual allegations and details. The complaint appears to allege that Defendants failed to properly follow rules and procedures during an investigation into allegations that he engaged in employment misconduct while on the job at the VA. Mullen alleges that false statements were made under oath and that his allegations against Cazzola were never investigated. Mullen alleged the following in his complaint:

> Although I made multiple complaints regarding Trinity Cazzola failure to comply with rules, regulations, written procedures, VA Directives, as well as state and federal law by making false and malicious statements against me to Adam Steinbrecher, the VA police, Thad Strom and Tonia Pierce, Trinity Cazzola was never investigated. Mr. Cazzola misrepresented, falsified and exaggerated facts while under oath.
>
> Adam Steinbrecher claimed to have investigated my complaints, but could not produce an evidence file when one was requested via a FOIA request. As Mr. Steinbrecher failed to follow law, rule and regulations and did not protect me from my tormentors, I had to change shifts to escape the treatment I was experiencing.
>
> I filed multiple complaints with the VA police regarding Trinity Cazzola and other staff members from 8/21/2022 to 4/4/2023 and I believe no investigation was conducted because it would implicate Patrick Palmquist with not following laws, rules and regulations.
>
> Thad Strom suspended me for two weeks without pay based on a faulty Administrative Investigation Board and even though I provided legal standing as part of my defense and again informed Thad Strom that individuals had committed perjury by making false statements during the AIB, and I believe Thad Strom has a personal relationship with multiple individuals I accused of criminal conduct, and Thad Strom did not recuse himself due to the conflict of interest. Again, Thad Strom did not follow law, rule and regulations.
>
> During my grievance with the medical Center Director, Tonia Pierce was present and acted as the Director's secretary. Again, even though I brought up legal standings to support my case citing multiple Supreme Court rulings, Tonia Pierce did not follow law rule and regulation when she drafted the Director's response to my grievance and upheld my suspension. Tonia Pierce has a personal relationship with multiple individuals I've accused of criminal conduct and with parties associated with my disciplinary action. She did not follow law, rule and regulation as required.
>
> This represents a breach of duty, and I consider the actions of these individuals as obstruction of Justice and potentially accomplices after the fact or complicit. All of this is in violation of my 14th Amendment rights to procedural due process.

(ECF No. 1, PageID.8.)

Mullen requests damages of $5,338.68 for lost wages, $3,000,000.00 for lost opportunity costs and punitive damages, additional fees and costs, and the restoration of his sick time. (*Id.*, PageID.7.)

### III. Motion to Dismiss Standard

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a

4

Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

Alternatively, Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(1) due to lack of subject matter jurisdiction because Mullen's claims are barred by sovereign

5

immunity. Rule 12(b) provides that: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). As the plaintiff in this case, Mullen bears the burden of establishing that this Court has jurisdiction. *Peterson v. City of Grand Rapids*, 182 F. Supp. 3d 750, 753 (W.D. Mich. 2016) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)).

Plaintiff is proceeding *pro se*. As such, his pleadings are subject to less stringent standards than those prepared by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972).

### IV. Analysis

#### a. Mullen's *Bivens* claim fails.

Where a person alleges that a "federal" actor has violated his or her federal constitutional rights, the claim arises under the doctrine of *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, 403 U.S. 388, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). To state a claim that is cognizable in a *Bivens* action, a plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397.

In *Egbert v. Boule*, 596 U.S. 482, 142 S.Ct. 1793 (2022) the United States Supreme Court held that *Bivens* causes of action are limited to three situations: "1) a Fourth Amendment claim against federal narcotics agents for an illegal seizure, 2) a Fifth Amendment claim against a member of Congress for sex discrimination, and 3) an Eighth Amendment claim against prison officials for inadequate medical care." *See Greene v. United States*, 2022 WL 13638916, *3 (6th Cir. Sept. 13, 2022) (quoting *Egbert* at 142 S.Ct. at 1802-03).

The Supreme Court cautioned that recognizing new causes of action under *Bivens* is disfavored. *Egbert*, 596 U.S. at 491. A court must first determine whether a plaintiff presents a new *Bivens* context – one that is different from one of the three situations stated above. Next, if the claim arises from a new context, the Court must ask whether there are "special factors" indicating that the Judiciary is in a better position than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 492. The Court further stated that these two steps can be resolved by a single question: "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id*. Finally, the Court cannot fashion a new *Bivens* remedy if Congress has already provided or authorized the Executive to provide "an alternative remedial structure", even where existing remedies do not provide complete relief. *Id*. at 493. "If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Id*. (*citing Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017)).

7

Mullen's procedural due process claim is different from any of the three situations stated above that recognized a *Bivens* remedy.   Mullen has not identified any factor that indicates that the Judiciary is in a better position to fashion a remedy under these facts than Congress.   Similarly, the undersigned cannot identify any factors that favor a Judicial remedy under these facts.

Most importantly, several alternative remedies are available to Mullen that already exist.   Mullen is employed by the Iron Mountain VA Medical Center.   The VA Medical Center is overseen by the VA Office of Inspector General (OIG) and the VA Office of Accountability and Whistleblower Protection (OAWP).   Both the OIG and OAWP provide alternative remedies.   The VA OIG is authorized by Congress to investigate complaints concerning violations of laws, rules or regulations, mismanagement, gross waste of funds, or abuse of authority. 5 U.S.C. §§ 402(a)(1), 407(a).   The VA OAWP has authority to investigate allegations of misconduct (against all employees including supervisors and policy makers) and whistleblower retaliation by supervisors. 38 U.S.C. § 323(c)(1)(H)-(I).[1]

In the opinion of the undersigned, a *Bivens* judicial remedy is not available under the facts asserted in Mullen's complaint.

---

[1]    Defendants also argue that the American Federation of Government Employees (AFGE), a federal union for employees, provides a grievance and arbitration process to challenge actions such as an employee suspension.   Mullen did not assert in his complaint that he is a member of AFGE.

### b.  Mullen does state a Fourteenth Amendment claim.

Mullen alleges that Defendants, who are individual federal employees of the VA, violated his Fourteenth Amendment rights by not following laws, rules, and regulations, and by failing to investigate his complaints. First, Defendants argue that Mullen's Fourteenth Amendment claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). This is because the Fourteenth Amendment applies to the states and not to the actions of the federal government or its employees. *See Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (stating that "[t]he Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government. *Ergo*, the instant complainant's citation to the Fifth Amendment Due Process Clause was a nullity, and redundant of her invocation of the Fourteenth Amendment Due Process Clause.") (internal citations omitted).

Second, Defendants argue that even if Court were to construe Mullen's complaint as asserting a Fifth Amendment due process cause of action, his claim fails under Rule 12(b)(6). The elements of a Fifth Amendment procedural due process claim are: "(1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process." *Fields v. Henry Cnty., Tenn.*, 701 F.3d 180, 185 (6th Cir. 2012); *Weatherspoon v. Oldham*, 2018 WL 1053548, at *2 (W.D. Tenn. Feb. 26, 2018). Mullen's complaint fails to set forth factual allegations that support the elements of a Fifth Amendment

9

procedural due process claim. Mullen fails to set forth that he was denied a life, liberty, or property interest without adequate process. Mullen alleges only that non-specified laws, rules, and regulations were violated by Defendants and that Defendants failed to investigate his complaints. In the opinion of the undersigned, these conclusory assertions fail to state a claim that Mullen was denied procedural due process rights by Defendants.

### c. Mullen's complaint is barred.

#### 1. FTCA judgment bar

The Federal Tort Claims Act (FTCA) "allows a plaintiff to bring certain state-law tort claims against the federal government." *Brownback v. King*, 592 U.S. 209, 210 (2021) (citing 28 U.S.C. § 2674). Under the FTCA, the United States waives its sovereign immunity, and grants exclusive jurisdiction for civil actions on claims against the United States:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

A tort action may be brought against a federal employee under limited circumstances. If the federal employee acted within their scope of employment, then the action must be brought under the FTCA against the United States. *Levin v. United States*, 568 U.S. 503, 507, 510-511 (2013). Where the federal employee acted outside the scope of their employment, then a suit may be brought against the

employee if there exists some other ground for federal jurisdiction. 28 U.S.C. § 2679(b)(1); *see Matthews v. United States*, 805 F. Supp. 712, 715 (E.D. Wis. Oct. 8, 1992) ("The court concludes, however. . . that when an action is brought against a federal employee pursuant to some other grant of jurisdiction—say, diversity jurisdiction—it may be converted into an FTCA case upon the Attorney General's certification.").

Nevertheless, the FTCA "also includes a provision, known as the judgment bar, which precludes 'any action by the [plaintiff], by reason of the same subject matter, against the employee of the government which act or omission gave rise to the claim' if a court enters '[t]he judgment in an action under section 1346(b).'" *Brownback*, 592 at 211 (alteration in original).

This Court previously dismissed Mullen's FTCA claims against the VA due to lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. *Mullen v. Dept. of Veterans Affairs*, No. 2:23-cv-0003, 2024 WL 307723, at *1 (W.D. Mich. Jan. 26, 2024). Mullen's claims against the individual Defendants in this subsequent cause of action are now barred because this Court already addressed the merits of the underlying claims in the previous decision. *Brownback*, 592 U.S. at 217 ("The District Court passed on the substance of King's FTCA claims and found them implausible. In doing so, the District Court also determined that it lacked jurisdiction. But an on-the-merits judgment can still trigger the judgment bar, even if that determination necessarily deprives the court of subject-

matter jurisdiction.") In the opinion of the undersigned, Mullen's claims against the individual Defendants in this case must be dismissed under the FTCA judgment bar.

### 2. Claim preclusion

Defendants also argue that Mullen's claims against the individual Defendants are barred due to *res judicata* or claim preclusion. The doctrine of res judicata or claim preclusion, means a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were ***or could have been raised in that action***. *Wheeler v. Dayton Police Dep't.*, 807 F.3d 764, 766 (6th Cir. 2015) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ*, 465 U.S. 75, 77 n.1 (1984)) (emphasis added). Claim preclusion has four elements: (1) the prior judgment must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) there must be identity of parties; and (4) that the same cause of action must be involved in both suits (identity of causes of action). *Id*. "And claim preclusion at all events, bitter though the medicine may be, applies to all final judgments, even those with which a party disagrees." *Id*. at 767.

As set forth above, Mullen asserted a prior claim against the VA arising from these same facts. This Court issued a prior judgment in that case against Mullen. *Mullen*, 2024 WL 307723, at *1. Although Mullen did not name the individual Defendants in this case as Defendants in his previous case, the allegations in his previous case were about Defendants' same actions. There exists no reason why Mullen could not have named each of the VA employees that he names in this lawsuit in the prior lawsuit. At the very least, each of the individual Defendants in this

12

subsequent action, are in privity with the VA – the named Defendant in the prior action – because they are employed by the VA. The Sixth Circuit has held that "[a] government official sued in his or her official capacity is considered to be in privity with the government." *Pittman v. Michigan Corrs. Org.*, 123 F. App'x 637, 640 (6th Cir. 2005) (citation omitted). The Court of Appeals has also held that perfect identity of the parties is not required, and that privity exists when a governmental official is sued in his or her individual capacity, so long as an employer-employee relationship exists. *McCoy v. Michigan*, 369 F. App'x 646, 650 (6th Cir. 2010); *see also Heike v. Central Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 481–82 (6th Cir. 2014) (holding that the district court's prior order granting summary judgment to university officials on claims in their official and individual capacities precluded a subsequent action against the university).

In the opinion of the undersigned, claim preclusion bars Mullen's claims against each of the named Defendants in this suit.

## V. Recommendation

It is respectfully recommended that the Court grant Defendants' motion to dismiss and dismiss Mullen's complaint.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections

constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: June 7, 2024              /s/ *Maarten Vermaat*
                                 MAARTEN VERMAAT
                                 U.S. MAGISTRATE JUDGE

14